CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA.
MAY 07 2010
JOHN F. CORCORAN
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERRY RAY HALL, ) | Civil Action No. 7:10-cv-00186 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| C. WIDNER, et al., ) | By: Hon. James C. Turk |
| Defendants. ) | Senior United States District Judge |

Jerry Ray Hall, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names C. Widner and "T.P.S."[1] as defendants. Plaintiff complains that Widner refuses plaintiff the opportunity to work in prison. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the action as frivolous.

I.

Plaintiff alleges that defendant Widner will not permit plaintiff to work in the correctional facility. Widner's signature appears on grievances attached to the complaint. In these grievances, plaintiff insists that he is eligible for a job in the facility shoe shop. Plaintiff requests $120,000 in damages for Widner's denial of his grievances not permitting him to work in the shoe shop.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims

---

[1] Plaintiff neither defines "T.P.S." nor states a claim against it.

based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Plaintiff's alleged entitlement to a prison job is a claim of an infringement of a legal interest that does not exist. Plaintiff does not have a due process or property right in a prison job. See Sandin v. Conner, 515 U.S. 472, 484 (1995) (due process invoked when a protected liberty or property interest is implicated with an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life). See also Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (no protected liberty or property interest in a prison job). Furthermore, inmates have no independent constitutional right to a prison job, and prison officials may generally terminate an inmate from his job for any reason without offending federal due process principles. See Bulger v. United States Bureau of Prisons, 65 F.3d 48, 50 (5th Cir. 1995). See, e.g., Coakley v. Murphy, 884 F.2d 1218, 1221 (9th Cir. 1989) (holding that inmates have no protected property interest in continuing in work-release program); Flittie v. Solem, 827 F.2d 276, 279 (8th Cir.1987) (opining that inmates have no constitutional right to be assigned to a particular job); Ingram v. Papalia, 804 F.2d 595, 596 (10th Cir. 1986) (concluding that the Constitution does not

create a property interest in prison employment); Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986) (stating that assignment to job as law clerk does not invest inmate with a property interest in continuation as such); Gibson v. McEvers, 631 F.2d 95, 98 (7th Cir. 1980) (holding that prisoner's expectation of keeping prison job does not amount to a property interest subject to due process protection); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975) (reasoning that inmate's expectation of keeping job is not a property interest subject to due process protection).

A § 1983 civil rights complaint requires at least a probable allegation that a government official has in some way deprived plaintiff of a right guaranteed to him by the United States Constitution. Even when the instant complaint is held to the less stringent standards due a pro se complaint, it is clear that it is subject to dismissal as frivolous.

III.

For the foregoing reasons, the court dismisses the complaint as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 7th day of May, 2010.

*/s/ James C. Turk*
Senior United States District Judge

---

[2] Federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought, on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Plaintiff is advised that he now has more than three strikes and must comply with the in forma pauperis statute for any subsequently filed civil action.